IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Estate of Michael Elam Jr., deceased, by Alice Martin, mother and Independent Administrator, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | No. JUDGE MAGISTRATE JURY DEMAND |
| Plaintiff, | | |
| vs. | | |
| CHICAGO POLICE OFFICER ADOLF BOLANOS # 16767, individually, and as an employee/agent of the City of Chicago and THE CITY OF CHICAGO, a Municipal Corporation, | | |
| Defendants. | | |

**COMPLAINT AT LAW**

Now comes the Plaintiff, the Estate of MICHAEL ELAM JR., deceased, by Alice Martin, his mother and Independent Administrator of his estate, by and through his attorneys, the CHRISTOPHER SMITH LAW GROUP and the LAW OFFICES OF JEFFREY J. NESLUND, and for his Complaint at Law, states as follows:

**INTRODUCTION**

1. This is an action for civil damages brought pursuant the Fourth and Fourteenth Amendments to the United States Constitution and under Illinois state law. Federal claims herein are brought pursuant to 42 U.S.C. Sec. 1983 for the deprivation of Michael Elam Jr.'s Constitutional rights. This Court has jurisdiction pursuant to 28 U.S.C. Sec. 1331 and 1343.

2. Venue in this district is proper pursuant to 28 U.S.C. sec. 1391 (b), because the facts which give rise to the claims asserted herein occurred in the Northern District of Illinois.

3. MICHAEL ELAM JR., deceased, was an individual who at all times relevant hereto, was living in the Northern District of Illinois. Michael Elam was 17 years of age when he died. Alice Martin, Michael Elam's mother, has been appointed independent administrator of Michael's Estate.

4. Defendant, CHICAGO POLICE OFFICER ADOLF BOLANOS, was at all times material hereto, duly appointed Chicago Police Officer employed by the City of Chicago acting in the capacity of as a sworn law enforcement official acting under color of law.

5. Defendant, the CITY OF CHICAGO (hereinafter the "CITY"), was and is an Illinois municipal corporation, duly chartered and organized under the laws of the state of Illinois, located entirely within this Judicial District.

## FACTUAL SUMMARY

6. On February 16, 2019, at approximately 8:30 p.m., MICHAEL ELAM, JR. was a passenger in a certain 2004 Acura driving southbound on Keeler Avenue in Chicago, Illinois.

7. On the above date, time and location, Defendant, CHICAGO POLICE OFFICER ADOLF BOLANOS # 16767 (hereinafter "BOLANOS") was the passenger in an unmarked CPD vehicle driven by Chicago Police Officer Wilfredo Gama Jr., # 17268.

8. Defendant BOLANOS and his partner, Officer Gama, attempted to pull over the 2004 Acura for certain traffic violations.

9. As the vehicles approached the intersection of 21st Place and Keeler, the Acura crashed into a fence at approximately 2133 S. Keeler Avenue.

10. Defendant BOLANOS immediately exited his vehicle as the occupants, including MICHAEL ELAM JR., exited the car and began to flee.

11. Defendant BOLANOS did not activate his body camera, despite Chicago Police

Department directives and orders to electronically record all traffic stops, investigatory stops and use of force incidents.

12. Within seconds of exiting his vehicle, Defendant BOLANOS began firing his weapon at MICHAEL ELAM, JR. as Michael attempted to run eastbound down 21st Place away from Defendant BOLANOS.

13. Defendant BOLANOS shot MICHAEL ELAM, JR. in the back of the head and multiple times in the lower back as Michael was running away from BOLANOS.

14. MICHAEL ELAM, JR. collapsed on the street next to the curb under a street light, approximately 20-25 feet away from Defendant BOLANOS, who was on the passenger side of his vehicle when he fired his weapon.

15. MICHAEL ELAM, JR. was unarmed and not a threat to anyone when he was shot in the back of the head and his lower back by Defendant BOLANOS.

16. Defendant BOLANOS'S partner, Officer Gama, immediately ran over to MICHAEL ELAM, JR. and began to search him.

17. Officer Gama's body worn camera shows MICHAEL ELAM, JR. bleeding from his multiple gunshot wounds as Officer Gama removes a cell phone and headphones from Michael's coat pocket.

18. As more Chicago Police Units arrived on the scene, Defendant BOLANOS walked over to MICHAEL ELAM, JR., who was bleeding in the street from his multiple gunshot wounds, including the fatal wound to the back of his head.

19. Despite the fact both Defendant BOLANOS and Officer Gama knew MICHAEL ELAM, JR was critically wounded, more than five minutes passed from the time Defendant BOLANOS shot Michael until Officer Gama informed the dispatcher Michael was shot and

requested an ambulance.

20.     MICHAEL ELAM, JR. was transported by ambulance to Mt. Sinai Hospital where he was pronounced dead from his gunshot wounds.

## COUNT I
### (Excessive Force)

21.     Plaintiff realleges and incorporates by reference, the allegations contained in paragraphs 1 through 20 above.

22.     The acts of Defendant BOLANOS were a deliberate and malicious deprivation of the Plaintiff's Constitutional rights against excessive force, as guaranteed to MICHAEL ELAM JR. by the Fourth Amendment of the Constitution and made applicable to the states by the Fourteenth Amendment.

23.     As a result of the unreasonable and unjustifiable excessive force used by the Defendant BOLANOS, Michael Elam suffered fatal injuries.

## COUNT II
### (Illinois Wrongful Death Claim)

24.     Plaintiff re-alleges and incorporates by reference, the allegations contained in paragraphs 1 through 20 above.

25.     Michael Elam Jr. was pronounced dead on February 17, 2019.

26.     The wrongful death of Michael Elam Jr. was proximately caused by the willful and wanton conduct of Defendant BOLANOS in violation of 740 ILCS § 180.1.

27.     The wrongful conduct of Defendant BOLANOS was the direct and proximate cause of injury and damage to Michael Elam Jr and his Estate.

28. As next of kin, Michael Elam's mother, father, brothers and sisters have lost and will continue to lose, pecuniary support, consortium, society, companionship as well as grief and sorrow from the loss of the love and affection of Michael Elam Jr., and his Estate has incurred funeral and burial experiences as a proximate result of his wrongful death.

29. The misconduct of Defendant BOLANOS outlined above occurred in the course of his employment as a Chicago police officer, such that the City of Chicago is liable for his actions.

## COUNT III
### (Illinois Survival Claim)

30. Plaintiff re-alleges and incorporates by reference, the allegations contained in paragraphs 1 through 20 above.

31. As a direct and proximate result of the wrongful actions of Defendant BOLANOS, as set forth above, Michael Elam Jr. suffered serious injuries of a personal and pecuniary nature, including but not limited to, pain and suffering experienced as he was dying from the gunshot wounds inflicted by Defendant BOLANOS, subjecting Defendants to liability pursuant to 755 ILCS 5/27-6, commonly referred to as the Illinois Survival Statute.

32. The misconduct of the DEFENDANT BOLANOS outlined above occurred in the course of his employment as a Chicago police officer, such that the City of Chicago is liable for his actions.

## COUNT IV
### (State Law Claim: Indemnification)

33. Plaintiff re-alleges and incorporates by reference, allegations contained in paragraphs 1 through 20 above.

34. In Illinois, public entities are directed to pay any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities. 735 ILCS 10/9-102.

35. DEFENDANT BOLANOS was an employee of the CITY of CHICAGO and acted within the scope of his employment in committing the misconduct outlined above.

### REQUEST FOR RELIEF

36. Plaintiff, the Estate of MICHAEL ELAM, JR., deceased, by Alice Martin, his mother and Independent Administrator, respectfully requests that the Court:

    a. Enter judgment in his favor and against Defendants;

    b. Award compensatory damages against Defendants;

    c. Award attorneys' fees against Defendants;

    d. Award punitive damages against the individual Defendant BOLANOS;

    e. Award prejudgment interest and post-judgment interest on any award; and

    f. Grant such other relief this Court deems just and appropriate.

### JURY DEMAND

Plaintiff, Estate of Michael Elam, Jr., deceased, by Alice Martin, his mother and Independent Administrator, demands a trial by jury under the Federal Rule of Civil Procedure 38(b) on all issues so triable.

Respectfully submitted,

/s/ JEFFREY J. NESLUND
One of the Attorneys for Plaintiff

LAW OFFICES OF JEFFREY J. NESLUND

20 N. Wacker Drive, Suite 3710
Chicago, Illinois 60606
(312) 223-1100

CHRISTOPHER SMITH TRIAL GROUP
 53 W. Jackson Blvd.
Suite # 856
Chicago, IL 60604
(312) 432-0400